UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELECTRO SCAN, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>GORD HENRICH, an individual; PIPELINE INTEGRITY TECHNOLOGY ASSOCIATES, a foreign corporation; MTA-Messtechnik GmbH, a foreign corporation,<br><br>    Defendants. | No. 2:18-cv-02689-JAM-EFB<br><br>**ORDER RE: MTA'S MOTION TO DISMISS AND MTA'S MOTION FOR SANCTIONS** |

Plaintiff Electro Scan Inc. ("Plaintiff" or "ESI") commenced this action against Gord Henrich, Pipeline Integrity Technology Associates ("PITA"), and MTA-Messtechnik GmbH ("MTA") (collectively, "Defendants") on October 3, 2018, alleging Defendants committed trade libel and infringed on ESI's trademark. See Compl., ECF No. 1. MTA moved for dismissal on November 19, 2018, Dismiss Mot., ECF No. 15, and subsequently also moved for Rule 11 sanctions against ESI, Sanctions Mot., ECF No. 16. ESI filed oppositions, Dismiss Opp'n, ECF No. 24; Sanctions Opp'n, ECF No. 25, to which MTA replied, Sanctions Reply, ECF No. 26; Dismiss Reply, ECF No. 27. For the reasons

1

explained below, the Court GRANTS MTA's Motion to Dismiss and
GRANTS MTA's Motion for Sanctions.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 3, 2018, ESI filed a seven-count complaint against Henrich, PITA, and MTA, alleging trade libel, defamation, civil conspiracy, and trademark infringement. Compl., ECF No. 1. ESI filed its First Amended Complaint on October 29, 2018, ECF No. 7, in which it corrected its errant titling of PITA as "Pipeline Investigation Technology Associates." ESI subsequently amended its complaint a second time with stipulations from two of the three defendants, which the Court struck on February 11, 2019 based on ESI's failure to comply with Federal Rule of Civil Procedure 15(a)(2).

Plaintiff ESI is a Delaware corporation with its principal place of business in Sacramento, California. Id. ¶ 21. ESI's devices use electric current to detect leaks in nonconductive sewer pipes. Id. ¶ 1. ESI holds the trademark for the term "Critical Sewers" and two patents for "Video Pipe Inspection Vehicle" and "System and Method for Identification of Pipe Defects That Leak." Id. ¶¶ 17–19.

Henrich is a Canadian resident who serves as President and Chief Executive Officer of PITA, a Canada-based consultant agency. Id. ¶ 22. MTA is an Austrian company with its headquarters and principal place of business in St. Veit an der

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for January 22, 2019. In deciding this motion, the Court takes as true all well-pleaded facts in ESI's Complaint and First Amended Complaint.

2

Glan, Carinthia, Austria. Id. ¶ 24. ESI alleges that PITA is the North American business partner for MTA and that Henrich serves as a consultant and agent for MTA. Id. ¶ 25.

The original complaint centers on Henrich's alleged efforts to discredit ESI's products. The predominate event was a September 12, 2018 seminar held at the University of Waterloo in Mississauga, Canada, in which Henrich participated in a webinar titled "Reducing the Costs of I&I Using Trenchless Approaches." Id. ¶¶ 28-29. During the webinar and in a seminar presentation titled "Quantifying Identified I&I with In-Pipe Inspections," Henrich made statements about electric current technology that ESI believes are disparaging. Id.

## II. LEGAL STANDARDS

### A. Sufficiency of Service

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Federal Rule of Civil Procedure] 4." Direct Mail Specialists v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988). Although courts flexibly interpret this rule, neither actual notice nor naming the defendant in the complaint is sufficient to provide personal jurisdiction without substantial compliance with Rule 4. Id. (citing Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986), cert. denied, 484 U.S. 870 (1987)).

A party may move to dismiss a pleading based on insufficient process, Fed. R. Civ. P. 12(b)(4), or insufficient service of process, Red. R. Civ. P. 12(b)(5). "Where service of process is insufficient, the court has broad discretion to dismiss the action or to retain the case but quash the service that has been

3

made on defendant." Cranford v. United States, 359 F. Supp. 2d 981, 984 (E.D. Cal. 2005).

B. Personal Jurisdiction

A party may move for dismissal based on lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). In opposing a Rule 12(b)(2) motion, the plaintiff bears the burden of establishing that jurisdiction is proper, but need only make a prima facie showing of jurisdictional facts. Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1223 (9th Cir. 2011).

Here, the Court applies the law of California in the absence of a federal statute authorizing jurisdiction. Id. California's long-arm statute is coextensive with federal due process requirements. Daimler AG v. Bauman, 571 U.S. 117, 125 (2014) (citing Cal. Civ. Proc. Code § 410.10). Thus, the "jurisdictional analyses under state law and federal due process are the same." Mavrix Photo, 647 F.3d at 1223 (citing Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800-01 (2004)).

There are two forms of personal jurisdiction: general and specific. A court has general jurisdiction over a party whose "continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." Int'l Shoe Co. v. Washington, 326 U.S. 310, 318 (1945). "Specific jurisdiction, on the other hand, depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's

4

regulation." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (U.S. 2011) (internal quotation marks and alternations omitted).

### III. OPINION

#### A. Sufficiency of Service

Because MTA challenged the sufficiency of service, ESI bears the burden of establishing proper service. Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004). ESI does not address MTA's arguments regarding insufficient service in either of its opposition briefs.

Here, MTA alleged that ESI served a codefendant, Henrich, who was neither an employee nor an agent of MTA. Taferner Decl., ECF No. 15-1, ¶ 3. MTA asserts that Henrich lacks the authority to accept service on behalf of MTA. Id. MTA further alleges that the Henrich was given a copy of the Summons and Amendment to the Complaint for himself and for PITA, but that no copy was provided for MTA. Id.

Federal Rule of Civil Procedure 4(h) dictates that a foreign corporation must be served:

> (1) in a judicial district of the United States:
>     (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>     (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or
> (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P. 4(h). The rule regarding service of an

authorized agent is strictly construed as an individual specifically designated by the business to receive service of process. Gerritsen v. Escobar Y Cordova, 721 F. Supp. 253, 256 (C.D. Cal. 1988). "[T]here must be evidence that the defendant intended to confer that authority upon the agent in order to satisfy the terms of Rule 4(e)(2)(C)." 4A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1097 (4th ed. 2018).

ESI has not provided any evidence that Henrich was an "agent authorized by appointment or by law to receive service of process" and MTA explicitly rejects this contention. Dismiss Reply at 2. "[I]n the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process." S.E.C. v. Ross, 504 F.3d 1130, 1138-39 (9th Cir. 2007). Because MTA was not properly served and has not waived the lack of process, all claims against MTA are dismissed.

B. Personal Jurisdiction

1. General Jurisdiction

MTA asserts that there is no basis for general jurisdiction because it does not have continuous and systematic contact or affiliation with California. Dismiss Mot. at 5. ESI does not address MTA's arguments regarding general jurisdiction, focusing solely on specific jurisdiction instead. Dismiss Opp'n at 4-5.

General jurisdiction requires ESI to show that MTA's own affiliations with California are sufficiently "continuous and systematic" and that California essentially operates as SSI's

home.  Goodyear, 564 U.S. at 919 (internal citation and quotation marks omitted).  "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be hauled into court in the forum state to answer for any of its activities anywhere in the world."  Schwarzenegger, 374 F.3d at 801 (internal citation omitted).  ESI must prove that MTA's contacts with California are of the type that "approximate physical presence."  Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) (internal citation omitted), holding modified by Yahoo! Inc., 433 F.3d 1199.  Only a limited set of affiliations that effectively render a corporate defendant at home in the forum state will result in general jurisdiction lying over that defendant.  Daimler, 134 S. Ct. at 760.

MTA is not incorporated in California and does not have its principal place of business here.  MTA is an Austrian corporation.  Consequently, only in an "exceptional case" could they be subject to general jurisdiction in California.  Ranza v. Nike, Inc., 793 F.3d 1059, 1069 (9th Cir. 2015).  ESI has not met its burden of showing that this is an exceptional case.

ESI's allegations regarding MTA's California activities center primarily on Henrich's acts and the fact that MTA has a website.  Dismiss Opp'n at 4.  ESI alleges that Henrich is "an agent and employee of Defendant MTA" because he holds himself out as a North American Business Partner of MTA on LinkedIn. Hansen Decl., ECF No. 24-4, ¶ 3.  ESI also attaches a photo of Henrich at an Arizona convention posted to MTA's Facebook page, and a webpage from MTA's website where it lists the South Tahoe

7

Public Utility District as a reference for its MTA Pipe-Inspector service. Hansen Decl., Exs. 2-3, ECF No. 24-4. MTA denies that Henrich is an agent or employee of the company. Taferner Decl. ¶ 3. MTA further denies that it has entered into contracts in California or marketed to California. Id. ¶ 9.

ESI's allegations do not satisfy the standard that the Supreme Court set out in Daimler. Daimler, 134 S.Ct. at 758 n.11 (writing that conduct should be so continuous and systematic as to render the foreign corporation essentially at home in the forum State); see also Martinez v. Aero Caribbean, 764 F.3d 1062, 1070 (9th Cir. 2014) (finding that a company's "sending of representatives to California to attend industry conferences, promote . . . products, and meet with suppliers" was insufficient to subject the company to general jurisdiction).

### 2. Specific Jurisdiction

ESI focuses its jurisdictional argument on specific jurisdiction. ESI argues it has sufficiently alleged that specific jurisdiction lies over MTA because: (1) Henrich attended the 2018 American Water Works Annual Conference and Exposition in Las Vegas, Nevada, which California companies and agencies attended; (2) MTA emailed a GHD employee who attended the Las Vegas exposition about the MTA's technology, and GHD has offices in California; (3) Henrich participated in a webinar at University of Waterloo in Mississauga, Canada in which he made false statements about ESI and its technology, and that webinar was accessible by people in California; and (4) MTA markets itself as providing worldwide water products on its website.

Dismiss Opp'n at 4-5. Combined, ESI argues these constitute "continuous corporate operations" within California that are "so substantial and of such nature as to justify suit . . . on causes of action arising from dealings entirely distinct from those activities." Id. at 4 (quoting Goodyear, 564 U. S. at 919.

To decide whether there is specific jurisdiction over MTA, the Court applies a three-part test. First, the non-resident defendant must either: (1) purposefully direct their activities or consummate some transaction with the forum or resident thereof or (2) perform an act by which they purposefully avail themselves of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. Schwarzenegger, 374 F.3d at 802. "A purposeful direction analysis . . . is most often used in suits sounding in tort," whereas purposeful availment applies to suits in contract. Id. (internal citations omitted). Second, the claim must arise from or relate to the defendant's forum-related activities. Id. Finally, the exercise of jurisdiction must comport with fair play and substantial justice, i.e., be reasonable. Id. ESI has the burden on the first two prongs. Boschetto v. Hansing, 539 F.3d 1011, 1016 (9th Cir. 2008). If it fails to meet that burden, the jurisdictional inquiry ends and the case must be dismissed. Id. But if ESI succeeds in meeting the burden, MTA must then present a compelling case that exercising jurisdiction would be unreasonable. Id.

To determine whether purposeful direction exists, the Ninth Circuit applies the three-part "effects" test from Calder v. Jones, 465 U.S. 783 (1984). The Court asks whether the defendant

"(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Schwarzenegger, 374 at 803. A review of the Complaint illustrates that ESI has not carried its burden on this first prong of the specific jurisdiction inquiry.

None of ESI's four allegations of MTA misconduct were "expressly aimed at the forum state." Even assuming Henrich was an agent or employee of MTA, his attendance at a national water conference in Las Vegas, Nevada, which California companies also attended, does not illustrate any express aim towards California. Additionally, ESI's Complaint does not detail how the Las Vegas conference relates to its claims. See, e.g., SDS Korea Co. v. SDS USA, Inc., 732 F. Supp. 2d 1062, 1080 (S.D. Cal. 2010) ("[E]ven assuming [Defendant's] participation in the Long Beach trade show is sufficient to satisfy the first prong in the specific jurisdiction analysis, Plaintiff has not demonstrated its claims arise out of or relate to [Defendant's] exhibition at the Long Beach show.").

Similarly, MTA's email to a GHD employee who attended the Las Vegas exposition lacks an express aim towards California. The email does not reference any California interests and there is no evidence that the recipient worked in California or that the recipient's business was likely to take place in California. Furthermore, none of the Complaint's claims appear to arise from this email.

Henrich's University of Waterloo webinar, which ESI alleges was "broadcast across the world," also lacks an aim at

California. Although the statements Henrich allegedly made during the webinar are related to ESI's claims, ESI must supply some sort of factual allegation that supports its conclusion that the webinar was aimed at the California market. See, e.g., Fastpath, Inc. v. Arbela Techs. Corp., 760 F.3d 816, 824 (8th Cir. 2014) ("While Arbela's website and public webinar may have been accessed by Fastpath in Iowa and may have reached potential Iowa customers, nothing suggests that Arbela's marketing efforts were actively, exclusively, or even predominantly targeted at Iowa customers.")

Finally, ESI's allegations regarding MTA's website are insufficient to establish an express aim at California. The Ninth Circuit utilizes a sliding scale when examining whether a website provides grounds for personal jurisdiction. See Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 418-19 (9th Cir. 1997). "At one end of the scale [are] active sites 'where a defendant clearly does business over the Internet' and 'enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet,' which support[s] jurisdiction." Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1226 (9th Cir. 2011) (quoting Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F.Supp. 1119, 1124 (W.D. Pa. 1997)). "At the other end [are] passive sites 'where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions,' and which do[es] not support jurisdiction." Id. at 1226-27 (quoting Zippo, 952 F.Supp. at 1124). Under this analysis, the Court determines jurisdiction by examining the

"level of interactivity and commercial nature of the exchange . . . that occurs on the Web site." Id. at 1227 (quoting Zippo, 952 F.Supp. at 1124). The evidence provided about MTA's website puts it solidly on the passive end of the website spectrum and does not support jurisdiction. There is no evidence of file exchange through MTA's website or interactive features targeting California customers. Without facts showing MTA specifically targeted California, the operation of an internationally accessible website is insufficient to serve as a ground for personal jurisdiction.

Since ESI has not met its burden on the first prong of the three-part specific jurisdiction test, the Court's inquiry ends and the case must be dismissed. The Court also does not and need not reach MTA's Federal Rule of Civil Procedure 12(b)(6) arguments.

### C. Leave to Amend

ESI seeks leave to amend if the Court grants MTA's Motion to Dismiss. Sanctions Opp'n at 7. Although ESI has failed to properly serve MTA or establish personal jurisdiction over MTA, the Court notes that Rule 15 calls for leave to amend to be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Since there is a slight possibility that ESI could amend its complaint to add facts supporting personal jurisdiction, the Court will grant ESI an opportunity to rectify the errors in its pleadings and file a Second Amended Complaint.

///

///

///

D. Motion for Sanctions

MTA brings its Motion for Sanctions under Rule 11, arguing that ESI's Complaint appears to be presented for the improper purpose of harassment and to prevent MTA from marketing its products and services in the United States. Sanctions Mot. at 5. MTA asserts that it attempted to meet and confer with ESI's counsel after serving ESI with the proposed Rule 11 motion on November 5, 2019, but was unable to secure a mutually acceptable time before filing the motion on November 28, 2018. Id. at 2-3.

As an initial point, the Court notes its displeasure with both MTA and ESI for using the pleadings on the Motion for Sanctions as a vehicle to reargue jurisdictional arguments. Such arguments are properly addressed within briefing on the Motion to Dismiss and its applicable page limitations. Duplication of arguments is not helpful to the Court and wastes limited judicial resources.

Reviewing MTA's complaints about the lack of detail in the original complaint, the Court agrees that many of ESI's allegations are conclusory and lack sufficient detail to differentiate the actions of different defendants. Rule 11, however, requires more than just a carelessly-drafted complaint to award sanctions against an attorney. "An attorney is subject to Rule 11 sanctions, among other reasons, when [s]he presents to the court 'claims, defenses, and other legal contentions ... [not] warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]'" Holgate v. Baldwin, 425 F.3d 671, 675-76 (9th Cir. 2005) (quoting Fed. R. Civ. P. 11(b)(2)).

When a party's complaint is the focus of a Rule 11 inquiry, "a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." Christian v. Mattel, Inc., 286 F.3d 1118, 1127 (9th Cir. 2002) (internal quotations and citation omitted). Here, ESI's Complaint presents conclusory and threadbare arguments, but the Court cannot say at this time that they are "legally or factually baseless" from an objective perspective. Accordingly, MTA's request for reasonable expenses and attorneys' fees incurred by this Motion to Dismiss is denied.

ESI's counsel's conduct concerning the Court's meet and confer requirement presents a stronger case for sanctions. MTA's counsel emailed on November 9, 2018, attempting to schedule a time to meet and confer. Finnerty Decl., ECF No. 24-1, ¶ 4. ESI's counsel did not agree to confer until November 30, 2018. Id. ¶ 10. On November 30, 2018, the Court ordered ESI's counsel to explain the failure to respond to MTA's efforts to meet and confer on the Motion to Dismiss and why sanctions should not be imposed. Minute Order, ECF No. 18. To explain that prolonged gap, one of ESI's counsel, Finnerty, offers a litany of excuses as to her failure to participate in required meet and confer efforts. See Finnerty Decl., ¶¶ 4-10. Finnerty's statement that MTA "made no genuine effort to meet and confer on either the issue of service of process or jurisdiction" is disingenuous at best. See id. ¶ 3. The Court notes that the docket and pleadings list not one, but two

attorneys representing ESI.  There is no explanation why ESI's other counsel could not meet and confer with MTA's counsel while Finnerty was otherwise occupied.  The Court does not find ESI's counsel's proffered explanation to be persuasive and will sanction ESI's counsel $500.00 for failing to make a good faith effort to meet and confer.

## IV. ORDER

The Court GRANTS WITHOUT PREJUDICE MTA's Motion to Dismiss. If ESI wishes to amend its complaint, it must do so within twenty (20) days of this Order.  Defendants Henrich and PITA's responsive pleadings are due twenty (20) days thereafter. Defendant MTA's responsive pleading (if named as a defendant in the amended complaint) is due twenty (20) days after proper service of the amended complaint.

ESI's Motion to Amend Complaint, ECF No. 37, set for hearing on April 2, 2019, is DENIED AS MOOT.  The April 2, 2019 hearing is VACATED.

The Court further ORDERS ESI's counsel to pay $500.00 in sanctions.  Sanctions shall be paid to the Clerk of the Court within five (5) days of the date of this Order.

IT IS SO ORDERED.

Dated: March 20, 2019

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE